IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PAUL NORTON, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADOS, ET AL.,<br><br>Defendants. | CIVIL NO. 10-1585 (CVR) |

**OPINION AND ORDER**

**INTRODUCTION**

Above plaintiffs Paul Norton, Audrey Freed, and their conjugal community (hereafter "plaintiffs") filed a complaint against defendant Autoridad de Acueductos y Alcantarillados (hereafter "PRASA"), David Traverso-Morales, and ABC Insurance Company, for violation to their constitutional rights as per Section 1983 of the Civil Rights Act of 1991 and the Fourteenth Amendment of the United States Constitution. Title 42, United States Code, Section 1983. Plaintiffs submit defendant denied them essential public services in their property which were granted to their nearby neighbors under the same conditions solely because of their nationality, that is, not being Puerto Ricans, but rather considered continental United States citizens. Defendant PRASA has not provided plaintiffs the same privileges of citizens of the United States, being subject to unfair treatment for their lack of connections to residents of Puerto Rico, for being citizens of another state, Pennsylvania, and because of their language, that is, being English speakers. On these averments, plaintiffs claim they have been subject to unlawful, intentional and purposeful

different treatment and discrimination than others similarly situated citizens, in violation of the Fourteenth Amendment of the United States Constitution. The services denied have not allowed plaintiffs to bring water into their home while defendant has approved for others the same connection and facilities which were denied to plaintiffs, without justification and in violation of their rights. Co-defendant David Traverso Morales was sued in his personal capacity for having incurred in these acts while under color of law and causing plaintiffs economical and emotional damages. Supplemental state claims under the Puerto Rico Civil Code, Articles 1802 and 1803, were also included in the Complaint. (Docket No. 1).[1]

Defendant PRASA filed a Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure averring plaintiffs have failed to meet the pleading standards after the criteria established in Ashcroft [2] for vicarious liability is inapplicable to the type of Bivens and Section 1983 suits, and plaintiffs must plead that each government-official defendant, through their official own individual actions, has violated the Constitution. PRASA further argues the Complaint lacks the required detailed factual allegations under Fed.R.Civ.P. 8, being conclusory, and also plaintiffs have not stated a cognizable claim under Section 1983 or under the Equal Protection Clause of the Fourteenth Amendment. Upon lack of these federal claims, defendant PRASA submits the state pendent claims should also be dismissed. (Docket No. 27).

---

[1] On December 3, 2010, plaintiffs filed a notice of voluntary dismissal as to the claims which were filed against co-defendant David Traverso-Morales. (Docket No. 12). On the same the Court granted the voluntary dismissal and all claims filed against co-defendant Traverso-Morales were dismissed without prejudice. (Docket No. 13).

[2] Ashcroft v. Iqbal, __U.S. __, 129 S.Ct. 1937, 1949 (2009).

Plaintiffs filed their Motion in Opposition to Motion to Dismiss claiming there is a sufficient pleading standard in the Complaint to establish the plausibility of their entitlement to relief and defendant's liability for the violation of plaintiffs' rights not merely legal conclusions as proposed by defendant PRASA. A brief reference to the contention the Complaint is time barred was included, which submission by defendant is devoid of merit and need not be further addressed.[3] (Docket No. 29)

## MOTION TO DISMISS STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure dismissal may be warranted for failure to state a claim upon which relief can be granted.[4]

To elucidate a motion to dismiss the Court must accept as true "all well-pleaded factual averments and indulg[e] all reasonable inferences in the plaintiff's favor." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). A complaint must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." Romero-Barceló v. Hernández-Agosto, 75 F.3d 23, 28 n. 2 (1st Cir. 1996) (*quoting* Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)). The Court, need not accept a complaint's " 'bald assertions' or legal conclusions" when assessing

---

[3] Defendant PRASA attempts to attribute the purchase date of plaintiffs' property as the starting point of knowledge as to lack of public water. It ignores all the futile administrative process it obliged plaintiffs to commit and the recent and timely action of providing water facilities to plaintiffs' neighbors while denying to them the same service.

[4] Said rule provides:
    ... (b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
    ....
    ... (6) failure to state a claim upon which relief can be granted ...

a motion to dismiss. Abbott, III v. United States, 144 F.3d 1, 2 (1st Cir. 1998) (*citing* Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1216 (1st Cir. 1996)).

The Supreme Court most recent opinion changes the standard for a motion to dismiss so that plaintiff will now have to include more information in the pleadings if he/she wants to survive a 12(b)(6) motion. *See* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1969 (2007).[5] The First Circuit has cited to this decision and has already noted this new standard in Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 94-95 (1st Cir. 2007), copied in part below:

> At the outset, we note that even under the liberal pleading standard of Federal Rule of Civil Procedure 8, the Supreme Court has recently held that to survive a motion to dismiss, a complaint must allege "a plausible entitlement to relief." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1967, 167 L. Ed. 2d 929 (2007). In so doing, the Court disavowed the oft-quoted language of Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See Twombly, 127 S. Ct. at 1969. The Court found that the "no set of facts" language, if taken literally, would impermissibly allow for the pleading of "a wholly conclusory statement of [a] claim," and that "after puzzling the profession [**8] for 50 [*96] years, this famous observation has earned its retirement." *Id*. at 1968, 1969.

Similarly under Fed.R.Civ.P. 12(b)(6) for failure to state a claim, the factual statements of the complaint are considered true, indulging every reasonable inference helpful to plaintiffs' cause. However, the tenet that a court must accept as true all the allegations contained in a complaint is inapplicable to legal conclusions and mere recitals

---

[5] No heightened fact pleading of specifics is required but only enough facts to state a claim to relief that is plausible on its face. Bell Atlantic, 127 S.Ct. at 1974.

of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Ashcroft v. Iqbal, __U.S. __, 129 S.Ct. 1937, 1949 (2009).

## LEGAL ANALYSIS

**A. Section 1983 - Civil Rights Violation.**

In the request for dismissal under Fed.R.Civ.P. 12(b)(6), defendant PRASA submits plaintiffs' Complaint should be considered insufficient to meet the pleading standards. As to plaintiffs' Section 1983 claims, PRASA avers no cognizable claim was pleaded for plaintiffs failed to establish the casual connection required to state a valid claim against appearing defendant.

A person may recover damages from a state or local official who, while acting under color of state law, commits a constitutional tort. Title 42, United States Code, Sec. 1983.

Plaintiffs, citizens of Pennsylvania, submit the Complaint cannot be considered to contain legal conclusions but relevant statements in support of their causes of action, which are to be taken as true. Among the statements presented by plaintiffs are the following: plaintiffs are legal owners of a real estate property located in Rincón, Puerto Rico (Docket 1, pp. 3-5); plaintiffs have tried to obtain the infrastructure for utility services at the property from the P.R. Power Company and PRASA to no avail (Id., 9); plaintiffs' neighbors located four (4) lots in front of them on the same road had public water with their own meter at their home connected to adjacent road Vista Linda and plaintiffs expected to be able to obtain water and electric utilities without problem, but did not (Id., 10); plaintiffs commenced the process of getting permits for the construction of their home on March 2001 and paid PRASA for a water meter on March 28, 2001, but never received water at the

property nor their money back; (Id, p. 11); plaintiffs exhausted efforts to obtain basic essential services of electricity and water to their property contacting the Mayor of Rincón, the Governor of Puerto Rico at the time, the P.R. Power Company, the PRASA, and other agencies and resources, but no one was able to assist them (Id., 14); plaintiffs were able to have a paved road to get to their property by the summer of 2003; PRASA told plaintiffs it could run a water line if a road with a cement culvert was put in, but could not come across the valley as they did with the neighbor for the distance was over 700 feet; PRASA told plaintiffs the neighbors' four lots down from their house had a proper meter but the distance was not legal (Id., 17); and when the Municipality of Rincón built the road, PRASA still refused to grant plaintiffs water and told them they had to get a well to get water. (Id., 18).[6]

In March of 2009, a new house was built between plaintiffs' home and the neighbor above on the same street, which was completed in November of 2009 and it was able to get water from PRASA, across from the valley from a meter on Vista Linda road, again over the 700 ft. from the meter to the home that had been imposed upon plaintiffs as a reason for not providing them with the water service. (Id., p. 31). Plaintiffs asked the owners of the new house how they obtained water and responded they applied like all their neighbors and got it. (Id., 32). Out of the three (3) houses built on the same road, plaintiffs are the only

---

[6] Plaintiffs meanwhile have been forced to haul water from public beach, use their bathing suits to wash, live out of a coller and buy ice several times a day to keep their food safe. They have saved for years to pay for alternatives to basic services such as solar panels for electricity and building a water well, for it also requires a pump to get the water out of a well, built a retaining wall to avoid the well from collapsing, as well as all other necessary accessories. After the well was built, the Department of Natural Resources put additional barriers soliciting paperworks and visits for inspection, threatening with fines and as of February 11, 2008, they obtained authorization for the well, while continually paying a franchise fee. Solar panels of electricity have not resolved the situation in full for on cloudy days priorities of use have to be established, flushing toilets, keeping refrigeration, showering or washing clothing. (Docket No. 1, pp. 20-27).

ones who have been denied water, they are the only ones who are not Puerto Ricans and who did not have connections. (Id., 33).

Plaintiffs reiterate the above statement in Count II, as to their cause of action for violation of Section 1983, as to defendant David Traverso Morales, who acting under color of state law, have deprived plaintiffs of the same privileges as those citizens of the Commonwealth of Puerto Rico. (Id., p. 43).

Defendant PRASA has alleged that, in the absence of vicarious liability, these claims against defendant PRASA, are insufficient for not stating the particular acts defendant has incurred in. This Magistrate Judge opines differently. A pattern of actions as presented and the extent of the acts submitted in plaintiffs' Complaint may allow liability under Section 1983 since it displays a policy or engaging custom that leads to the challenged occurrence. Causation of a supervisor's actions may be found even if a supervisor did not participate directly in the conduct that violated a citizen's rights, for it may *prima facie* be shown by such factual allegations of having overtly or tacitly approved of or purposely disregarded the conduct. *See* Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576 (1st Cir. 1994).

Judges have some room to dispatch at the stage of the instant claim, complaints that are highly implausible or pled only in conclusory terms. Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. At 1949-450; Rule v. Fort Dodge Animal Health, Inc., 607 F.3d 250, 252 (1st Cir.

2010). A complaint must allege "a plausible entitlement to relief" in order to withstand a motion to dismiss under Rule 12(b)(6). Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. at 1967-69.[7]

The sole inquiry under Fed. R.Civ.P. 12(b)(6) is whether, construing the well-pleaded facts of the complaint in the light most favorable to the plaintiffs, the complaint states a claim for which relief can be granted. A complaint only shows an entitlement to relief if its factual allegations are enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact). Twombly did not require, however, heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. *See* Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 8 (1st Cir. 2011) (citing Twombly, Id. at 557, 127 S.Ct. 1955).

The two way prong to rule on the sufficiency of Rule 12(b)(6) requires a district court to separate the factual allegations of a complaint from its legal conclusions. Factual allegations are entitled to a presumption of truth. Bald allegations are not rejected on the ground these are unrealistic or nonsensical. It is the conclusory nature of allegations, rather than their extravagant fanciful nature that does not entitle them to the presumption of truth. *Id.* Secondly one must evaluate whether, taken as a whole, these state a facially plausible legal claim. A claim is plausible if the court may draw the reasonable inference the defendant is liable for the misconduct allege. The court may not disregard properly pled

---

[7] In Twombly the Supreme Court explained dismissal under Rule 12(b)(6) turns on the complaint's compliance with Rule 8(a)(2), which mandates that every complaint contains "a short and plain statement of the claim showing that the pleader is entitled to relief". The "short and plain" statement does not need detailed factual allegations, it merely requires sufficient detail in the complaint to give defendant fair notice of the claim and the grounds upon which it rests. *Id.* at 555, 127 S.Ct. 1955.

factual allegations, "even if it strikes a savvy judge that actual proof of those facts is improbable" nor may a court attempt to forecast a plaintiff's likelihood of success on the merits. Twombly, 550 U.S. at 556, 127 S.Ct. 1955.

The relevant inquiry rather now focuses on the reasonableness of the inference of liability plaintiffs are asking the court to draw from the facts alleged in the Complaint at this initial pleading stage. Plausibility under Iqbal and Twombly is sufficiently met herein under Fed.R.Civ.P. 8. A complaint should not be dismissed for failure to state a claim simply because the court may be doubtful, that plaintiffs may be able to prove all of the necessary factual allegations.

The averments of the instant Complaint present more than isolated instances of unconstitutional activity and even more than proof of mere negligence. Gross negligence can signify deliberate indifference and serve as basis for supervisory liability under Section 1983. Likewise, inadequate training of subordinates may also serve as basis for Section 1983 claim against a supervisor. A supervisor may also be liable for the foreseeable consequences of a subordinate conduct, if he would have known of such conduct but for his deliberate indifference or willful blindness. Tacit approval or acquiescence in, or purposeful disregard of, rights-violated conduct may also lead to supervisory liability. Camilo-Robles v. Hoyos, 151 F.3d 1 (1st Cir. 1998).

In the present case, supervisory liability may be *prima facie* established upon deliberate indifference to violations of constitutional rights, as may be reasonably inferred

from the time span that transpired between plaintiffs' numerous efforts and obstacles presented to obtain public services from PRASA while others similarly situated, except for their citizenship and alleged connections, did not have to endure.

From the above discussed, the allegations of the Complaint, which are to be taken as true, are deemed sufficient at this stage of the proceedings to assert a Section 1983 claim and defendant PRASA's request for dismissal is DENIED.

**B. Equal Protection Clause of the Fourteenth Amendment.**

Defendant PRASA submits plaintiffs have failed to present any law or fact classification which would require an Equal Protection analysis, that is, they failed to allege that similarly situated people were treated differently than they were. PRASA considers the difficulties endured by plaintiffs in obtaining water facility for their property cannot be determined to be a direct result of a discriminatory treatment for plaintiffs not being residents of Puerto Rico.

The Equal Protection Clause safeguards not only against invidious classifications, such as race, gender, religion, nationality, but any arbitrary classification of persons for unfavorable governmental treatment. U.S.C.A. Const. Amend. 14.[8] A plaintiff need not be a member of a traditionally protected class in order to allege an equal protection violation for a "class of one" may maintain an equal protection claim as long as plaintiff alleges that he/she was treated differently from similarly situated persons and that the different

---

[8] The Fourteenth Amendment mandates that no State "deny to any person within its jurisdiction the equal protection of the laws."

treatment was intentional and had no rational basis. 16B Am.Jur.2d Constitutional Law Sec. 848.

At this stage of proceedings, plaintiffs have submitted they have been denied access to public water and infrastructure in the plot of land and construction to which they legally hold permits. Their property is situated in the municipality of Rincón, wherein adjacent neighbors to the Vista Linda road have been provided with meter to their home and connections. These neighbors include four (4) lots in front of plaintiffs in the same road, as well as another recently built home that was completed in November of 2009, which was also allowed connection and water services across the valley from a meter on Vista Linda road. Plaintiffs have at all times paid for their water meter and submitted their applications, without having received the water services. The neighbors submitted their applications and were provided with the services, even though their meters were also over 700 ft. from the meters to their homes, which plaintiffs were once told as one of the reasons why defendant could not provide the requested services. (Docket No. 1, pp. 10 and 31-32).[9]

To present an equal protection violation as a "class of one",[10] plaintiffs would need to show the parties with whom they seek to be compared have engaged in the same activity vis-a-vis the government entity without such distinguishing or mitigating circumstances as would render the comparison not utile. Cordi-Allen v. Conlon, 494 F.3d 245 (1st Cir. 2007).

---

[9] In the event that plaintiffs' submission in the Complaint has presented a claim because of nationality by asserting the only reason for the disparate treatment for not receiving the public water services requested is because they are not from Puerto Rico and not having connections with PRASA, a public entity, discriminatory animus would need to be established throughout discovery proceedings to survive dismissal at the stage of summary judgment.

[10] In an equal protection claim styled as a "class of one" claim plaintiffs do not claim membership in a class or group but assert that the defendants impermissibly singled them out for unfavorable treatment. Vill. of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000).

The pleadings of the Complaint, which facts asserted are to be taken as true and all reasonable inferences drawn in favor of plaintiffs, have *prima facie* established an equal protection claim upon submission of individuals similarly situated or fair congeners for purposes of a class of one claim. SBT Holding, LLC v. Town of Westmister, 547 F.3d 28 (1st Cir. 2008).

As such, plaintiffs have met the requirement for sufficient factual pleadings for an Equal Protection claim for which reason defendant PRASA's request for dismissal is DENIED.

**C. Supplemental State Claims.**

Defendant PRASA has requested dismissal of the supplemental claims filed by plaintiffs on the assumption plaintiffs have failed to allege any cause of action under federal law. As above discussed, federal claims survive the request for dismissal, for which state pendent claims shall be retained within the discretion of this Court. United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139 (1966).

**CONCLUSION**

In view of the foregoing, defendant PRASA's Motion to Dismiss is DENIED. (Docket No. 27).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 3rd day of October of 2011.

                                         s/CAMILLE L. VELEZ-RIVE
                                         CAMILLE L. VELEZ-RIVE
                                         UNITED STATES MAGISTRATE JUDGE